UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DERREK MARTIN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 5:20-cv-01297-RDP-NAD |
| **JOEY HARGROVE, et al.,** | ) |
| **Defendants.** | ) |

## ORDER

On June 1, 2022, the Magistrate Judge entered a Report and Recommendation, recommending that the court dismiss some of Plaintiff's claims for failing to state a claim upon which relief can be granted. (Doc. 8). Specifically, the Magistrate Judge recommended dismissing Plaintiff's claims (1) against Joey Hargrove and the Lawrence County Commission, (2) against Sheriff Mitchell based on overcrowding, and (3) against Sheriff Mitchell based on a due process violation, pursuant to 28 U.S.C. § 1915A(b). (Doc. 8). The Magistrate Judge further recommended that the court refer Plaintiff's claims for deliberate indifference against Defendants Sheriff Mitchell (based on his knowledge that inmate Scott was dangerous), Captain Agee, and Jailer Pounders to the Magistrate Judge for further proceedings. (Doc. 8). Plaintiff timely filed objections to the Report and Recommendation. (Doc. 11).

## DISCUSSION

Plaintiff raises two objections: (1) that the Magistrate Judge erred in recommending that he has not stated a claim regarding Defendants Lawrence County Commission and Commissioner Hargrove (Doc. 11 at 1-3); and (2) that his claim for overcrowding against Defendant Mitchell (Count III) should not be dismissed (Doc. 11 at 3-6).

I.   **Plaintiff has failed to state a claim against Defendants Lawrence County Commission and Commissioner Hargrove.**

Plaintiff cannot state a claim against Defendants Lawrence County Commission and Commissioner Hargrove. In his objections, Plaintiff conflates a county commission's obligation to maintain a county jail with a sheriff's obligation to operate a jail.

As explained in the Report and Recommendation (Doc. 8 at 14-16), Plaintiff does not allege any facts that the Commission or Commissioner Hargrove was subjectively aware that inmate Scott posed a risk to Plaintiff or any other inmate, which is a required element to state an Eighth Amendment claim for deliberate indifference. Nor does Plaintiff allege any factual basis for a claim for supervisory liability under the Eighth Amendment.

Moreover, Plaintiff's argument that the county commission is "responsible for ensuring that the employees of [a] jail, including the Sheriff, are maintaining and operating the jail in a proper, safe and in a humane way," and that the Commission is "responsible for ensuring that the employees of that jail are being properly trained to maintain proper security in the jail" (Doc. 11 at 2) is simply off the mark.

"Under Alabama law, a county is not responsible for the daily administration or operation of a county jail or for overseeing inmates." *Ex parte Sumter County*, 953 So. 2d 1235, 1238 (Ala. 2006) (citation omitted). The county commission's duty to "maintain a jail" under Ala. Code § 11-14-10 is "merely the duty to keep the jail and all equipment therein in a state of repair and to preserve it from failure or decline." *Turquitt v. Jefferson Cty., Ala.*, 137 F.3d 1285, 1290 (11th Cir. 1998); *see id.* ("[T]he Alabama courts have made it clear that the duty of the county to erect and maintain a county jail pertains exclusively to the physical plant of the jail.").

Plaintiff's reliance on Ala. Code § 11-14-22 and § 12-16-191 in support of his claim is misplaced. (Doc. 11 at 2). These statutes are "entirely consistent with the counties' limited role

in building and funding the jails and do not imply or impart any control over the jails' operation." *Turquitt*, 137 F.3d at 1290.

Under Alabama law, a county sheriff—and not a county commission—is specifically charged with the care of jail inmates. Ala. Code. § 14-6-1 ("The sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto . . . ."); *see also Vinson v. Clarke Co., Ala.*, 10 F. Supp. 2d 1282, 1303 (S.D. Ala. 1998) ("It is the sheriff who is responsible for the care of inmates and the charge of the jail.") (citing *King v. Colbert Co.*, 620 So. 2d 623, 625 (Ala. 1993); *Turquitt*, 137 F.3d at 1290 (recognizing that, under Alabama law, the authority of the sheriff over operation of the jail is "totally independent" of the county commission). And, under Alabama law, a county sheriff, his deputies, and jailers are employees of the State of Alabama, and not the county. *Lockhart v. Franklin*, 777 F. App'x 387, 391 (11th Cir. 2019) (quoting *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) ("It is well established in this Circuit that Alabama sheriffs and their deputies are state officials….").

Stated simply, the county commission's only responsibility over a county jail is to maintain the structure of the building, and does not extend to the manner in which the jail is run. Because Plaintiff's claims are not based on structural issues with the jail, his claims against the Commission and Commissioner Hargrove fail to state a claim upon which relief may be granted. Accordingly, Plaintiff's objection on this ground is overruled.

**II.**    **Plaintiff has failed to state a claim against Defendant Mitchell for overcrowding.**

Plaintiff's second objection addresses the Magistrate Judge's recommendation that the court dismiss Count III of his complaint. (Doc. 11 at 3). Plaintiff argues that "defendant Mitchell, knowingly allowed the transfer of a known violent offender . . . while the jail was severely overcrowded." (Doc. 11 at 3). Plaintiff argues that Mitchell's actions in allowing this transfer

3

"into the general population of an already overcrowded county jail shows that defendant Mitchell was unconcerned about the overcrowded conditions in the jail." Doc. 11 at 3.

But, as explained in the report and recommendation (Doc. 8 at 17-18), Plaintiff does not allege that overcrowding caused any of Plaintiff's injuries, or that Sheriff Mitchell knew that overcrowding posed a risk of harm to Plaintiff or any other inmate, as is required to state an Eighth Amendment claim for deliberate indifference. Nor does Plaintiff allege that, but for the overcrowded condition, his injuries would not have occurred. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *Parrish v. Alabama Dep't of Corr*., 156 F.3d 1128, 1129 n.1 (11th Cir. 1998) ("We stress, however, that overcrowding is not necessarily a violation of a federal right.").[1]

Because Plaintiff has not alleged that overcrowding—as opposed to Mitchell's placement of inmate Scott in general population—caused his injuries, Plaintiff's objection to the dismissal of Count III is overruled.

## CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and Plaintiff's objections, the court **OVERRULES** Plaintiff's objections. The court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** the Recommendation.

The court **ORDERS** that Plaintiff's claims against Defendants Joey Hargrove and the Lawrence County Commission (Count I) are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

---

[1] Regardless of alleged overcrowding at the jail, Plaintiff argues in his objections that Sheriff Mitchell placed inmate Scott in general population, knowing he was dangerous. (Doc. 11 at 4). Plaintiff further argues that Mitchell acted in deliberate indifference to Plaintiff's Eighth Amendment right to be protected from violent inmates. (Doc. 11 at 5). But that is the basis for Plaintiff's remaining Eighth Amendment deliberate indifference claim against defendant Mitchell (Count II), which the report recommended should proceed.

The court **FURTHER ORDERS** that Plaintiff's claims against Sheriff Mitchell for overcrowding (Count III) and violation of his Fourteenth Amendment due process rights (Count VI) are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

The court **FURTHER ORDERS** that Plaintiff's remaining Eighth Amendment claims against Sheriff Mitchell (based on his knowledge that inmate Scott was dangerous), Captain Agee, and Jailer Pounders (Counts II, IV, and V) are **REFERRED** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this August 29, 2022.

*/s/ R. David Proctor*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE